Brenda **THORNTON**, Plaintiff,

v.

**EQUIFAX, INCORPORATED, a Georgia Corporation, Defendant.**

No. J–76–C–42.

United States District Court,
E. D. Arkansas,
Jonesboro Division.

March 27, 1979.

Bill W. Bristow, Seay & Bristow, Jonesboro, Ark., Donald E. Prevallet, Reid, Burge & Prevallet, Blytheville, Ark., for plaintiff.

John V. Phelps, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for defendant.

### MEMORANDUM and ORDER

VAN SICKLE, District Judge, Sitting by Designation.

This matter arose under the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.), and the Arkansas law of libel. The matter was tried to a jury which granted $5,000.00 in damages and $250,000.00 in punitive damages.

The Defendant has moved for judgment notwithstanding the verdict. In a separate motion Defendant has asked for a new trial, or in the alternative, for a remittitur.

The motions are in order, the groundwork having been laid by appropriate motions, timely made, at the conclusion of the Plaintiff's case, and upon close of all the evidence, (Rule 50, Federal Rules of Civil Procedure).

I will consider the motions in the descending order of their dispositive effect.

■ The motion for judgment notwithstanding the verdict must be denied unless it can meet the same test applied to motions for directed verdict.

■ That test is cited at *Polk v. Ford Motor Co.,* 529 F.2d 259, 267 (8th Cir. 1976). "[I]n passing upon the motion for judgment, the trial court and this court are (1) to consider the evidence in the light most favorable to the plaintiffs as the parties prevailing with the jury; (2) to assume that all conflicts in the evidence were resolved by the jury in favor of the plaintiffs; (3) to assume as proved all facts which plaintiffs' evidence tends to prove; (4) to give the plaintiffs the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and (5) to deny the motion if, reviewing the evidence in this light, reasonable men

could differ as to the conclusion to be drawn from it. *Hanson v. Ford Motor Co.,* 278 F.2d 586, 596 (8th Cir. 1960)."

Without reviewing the evidence step by step, it is sufficient to say that there was sufficient evidence of lack of investigative controls, reliance on superficial assertions, and publication to allow reasonable men to differ as to the conclusions to be drawn from the evidence.

The motion for judgment notwithstanding the verdict is *denied.*

The motion for a new trial is to be decided upon a different basis.

Rule 50(b) Fed.R.Civ.P. provides for the motion as an alternative to the motion for judgment N.O.V. Rule 59 Fed.R.Civ.P. recites the grounds upon which the motion may be granted. The Rule provides:

"Rule 59.

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States;
. . . ."

■ In broad terms, as restricted by the language of the Seventh Amendment to the Constitution, there can be no re-examination of the facts found by a jury except according to the rules of the Common Law of England. Moores Federal Practice ¶ 59.-05[2], pp. 59–42, 59–43. The Seventh Amendment provides:

" . . . no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." ·

The text then summarizes:

"The Amendment preserves substance but not form. And it will be noted that the Amendment does not provide that there shall be no re-examination of facts tried by the jury: any re-examination not warranted by the common law is improper; a re-examination 'according to the rules of the common law' is proper. The common law alluded to is the common law of England."

■ In considering this motion for a new trial this Court applies these tests:

1. Has there occurred a clear prejudicial [1] error of law? Moores Federal Practice 6A ¶ 59.05[2], p. 59–45.

2. Has there occurred a clear prejudicial [2] error of fact? Moores Federal Practice 6A ¶ 59.05[2], p. 59–45.

3. Was the verdict, while not entirely outside the evidence, contrary to the great weight of the evidence? Moores Federal Practice 5A ¶ 50.11, p. 50–99.

The Court has previously ruled as to law and fact questions as they arose. It does not now feel that any of the rulings are so erroneous as to warrant a new trial.

As to the application, of the third rule. This is really a statement of the principle discussed in Moores Federal Practice 6A ¶ 59.05[2], p. 59–40, where the text writer quotes from the annotator's remarks in the case of *Bright v. Eynon* (KB1757) 1 Burr 390, 397, 97 Eng.Rep. 365:

" . . . that it would be difficult perhaps to fix an absolutely general rule about granting new trials, without making so many exceptions to it, as might rather tend to darken the matter, than to explain it: but the granting [of] a new trial, or refusing it, must depend upon the Legal Discretion of the Court; guided by the nature and circumstances of the particular case, and directed with a view to the attainment of justice."

---

1. The requirement of a "prejudicial error is mandated by the 'harmless error rule', Rule 61 Fed.R.Civ.P.

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

2. Look to footnote 1.

Both the thrust of the Seventh Amendment, and the importance of the jury in our democratic society, require that new trials should not be granted lightly.

So, in this case, this Court cannot find that the determination of liability, and of malicious conduct in support of punitive liability, are not justified by the evidence. Therefore it should not seek a new verdict by retrial.

The motion for a new trial is *denied*.

There remains the motion for a remittitur. The power to grant a remittitur is considered as an adjunct of the power to grant a new trial when the judgment is excessive, i. e., an exercise of the court's authority under the new trial standard, number 3 above. Moores Federal Practice 6A ¶ 59.05[3], p. 59–47:

> "The term "remittitur" is generally used in connection with jury verdicts, and refers to the court's action in diminishing the verdict of the jury. This is usually done on motion of the losing defendant for a new trial on the ground that the verdict is excessive, where, if the trial court considers the ground well taken, it may grant the plaintiff an election to remit a stated portion of the amount or submit to a new trial. Remittitur is also used by the appellate courts in both jury and non jury actions, and, in jury actions, mainly when there has been reversible error committed at the trial, such as erroneous admission of evidence or erroneous instructions, and the maximum effect upon the amount of the verdict due to the error can with reasonable accuracy be determined. The use of remittitur enables the court and the parties to avoid the delay and expense of a new trial, and when wisely used furthers the legitimate objective of bringing litigation to as speedy and expeditious end as is reasonable."

The motion, claiming an excessive verdict, addresses itself to the conscience of the court. But the court's conscience is not the judge's personal opinion of what would be a proper verdict. Rather it is a standard which asks: Is there no basis on which a reasonably responsible jury could have found that verdict within the framework of the correct law and the admissible evidence?

In this Court's opinion these matters are relevant to the question of the reasonableness of the jury's decision.

1. As to the actual damages. Mr. Matheny, the investigator, did admit to telling his wife of his conclusions. This was an improper publication, and standing alone would have justified a verdict for actual damages. When considered along with the Plaintiff's reasonable efforts to search out the source of the slander and the scope of the publication, the damages of $5,000.00 cannot be held unreasonable.

2. As to the exemplary damage figure of $250,000.00. At the outset this Court finds that there was evidence from which a reasonable jury could find a basis for exemplary damages under 15 U.S.C. § 1681n(2), or under the common law of malicious libel.

An example of the importance which a jury verdict assumes in an exemplary damage situation is found in *Herman v. Hess Oil Virgin Islands Corp.*, 524 F.2d 767 (3rd Cir. 1975).

As the trial developed, Plaintiff exercised her right to show the wealth of the Defendant. The wealth of the Defendant may be considered by a jury in awarding exemplary damages. Restatement (Second) of Torts § 908e. *Seifert v. Solem*, 387 F.2d 925 (7th Cir. 1967).

In this case the evidence consisted of profit and loss statements of Equifax, Incorporated, which had been extracted from brochures published by Equifax, Incorporated. Plaintiff's argument for the exemplary damages sought was that Equifax, Incorporated, had an annual gross income of $300,-000,000.00; that $300,000.00 would represent the profit of the company for about two hours of operation, and that any lesser amount would leave Equifax, Incorporated, feeling it was cheaper to pay damages than

to improve its standards. Plaintiff's counsel then asked for $250,000.00 to $300,000.00 in damages.

In its argument, Defendant made a tactical decision to disregard the damage assertions and concentrate on the liability question. Thus, in this situation, the jury found the lowest exemplary damage figure presented to it.

In a recent libel and Fair Credit Reporting Act case, the trial court did reduce a $300,000.00 punitive damage award to $50,-000.00. *Collins v. Retail Credit Co.,* 410 F.Supp. 924 (E.D.Michigan, N.D.1976). Treating that decision as precedent can invite error, especially where, as in this case, one can argue that the Plaintiff is not entitled to benefit so extensively in view of the scope of her damage. But the exemplary damage statute is addressed to restraining the malefactor. Thus the Plaintiff is only an accidental beneficiary of the jury's decision as to the amount necessary to impose an adequate restraint on the malefactor.

The motion for remittitur is *denied.*

IT IS SO ORDERED.